IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELAINA MARIE CARLSON,                    )
                                         )
            Plaintiff,                   )
                                         )
      vs.                                )   Civil Action No. 21-128-E
                                         )
                                         )
KILOLO KIJAKAZI,[1]                      )
*Acting Commissioner of Social Security*,)
                                         )
            Defendant.                   )

ORDER

AND NOW, this 17th day of August 2022, the Court has considered the parties' motions

for summary judgment and will award summary judgment in favor of Defendant.[2]  The agency's

final decision wherein the Administrative Law Judge ("ALJ") denied Plaintiff's applications for

disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II of

the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and Title XVI of the Act, 42 U.S.C.

§ 1381 *et seq.*, respectively, is supported by substantial evidence; therefore, it will be affirmed.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) ("The agency's factual findings . . . are

'conclusive' . . . so long as they are supported by 'substantial evidence.'").[3]

---

[1]      Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil
Procedure 25(d).  This substitution has no impact on the case.  42 U.S.C. § 405(g).  The Clerk is
directed to amend the docket to reflect the substitution.

[2]      Defendant has asked that costs be taxed against Plaintiff but has not argued costs.
Accordingly, the Court's order in favor of Defendant excludes an award of costs.  *See Pa. Dep't
of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[3]      In the underlying administrative proceedings, the ALJ found that Plaintiff could sustain a
"reduced range of light work," and that at least three occupations offering a significant number
of jobs nationally corresponded to such work.  (R. 26, 37).  Before the Court, Plaintiff argues that
the ALJ erred in his consideration of medical opinion evidence, specifically in his consideration

of opinions provided by Dr. Gary Anderson.  As explained herein, the Court has found no error in the ALJ's evaluation of Dr. Anderson's opinions and will affirm the ALJ's decision.

An ALJ's findings of fact are reviewed for substantial evidence.  *Biestek*, 139 S. Ct. at 1152.  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Strogish v. Astrue*, No. 08CV757, 2008 WL 5263350, at *3 (W.D. Pa. Dec. 16, 2008) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Reviewing courts must ensure that an ALJ's decision is supported by substantial evidence and, further, must ensure that "the ALJ did not overlook any evidence" or "reject evidence without reason/for an incorrect reason."  *Petteys v. Comm'r of Soc. Sec.*, No. CV 20-239-E, 2022 WL 80068, at *1 n.2 (W.D. Pa. Jan. 7, 2022) (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).  An ALJ's evaluation of medical opinion evidence must comply with the applicable regulatory framework which, for applications like Plaintiff's applications filed on or after March 27, 2017, are found at 20 C.F.R. §§ 404.1520c and 416.920c.  Pursuant thereto, an ALJ must explain "how persuasive" he or she finds medical opinion/prior administrative medical findings evidence using five factors.  *Id.* §§ 404.1520c(b)—(c), 416.920c(b)—(c).  Two of the five factors must be explicitly addressed in an ALJ's decision: supportability and consistency.  *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

In this matter, the ALJ found Dr. Anderson's opinions on Plaintiff's physical and mental limitations were "not persuasive."  (R. 34, 35).  Plaintiff disputes that finding and argues that the ALJ's consideration of the supportability and consistency factors should have led him to find Dr. Anderson's opinions were persuasive.  This error was harmful, argues Plaintiff, because the ALJ's failure to appropriately credit Dr. Anderson's opinions led the ALJ to find that Plaintiff's impairments did not meet or equal criteria of certain presumptively disabling impairments and, further, led the ALJ to underestimate Plaintiff's functional limitations in his assessment of her maximum remaining work ability.  In support of her argument, Plaintiff enumerates evidence in the record that she believes shows Dr. Anderson's opinions were supported and consistent with other evidence in the record and, therefore, should have been found to be persuasive.

The Court has considered Plaintiff's contentions but has found no error in the ALJ's consideration of Dr. Anderson's opinions.  As an initial matter, the ALJ's evaluation of Dr. Anderson's opinions proceeded pursuant to the framework set out in the applicable regulations.  Considering the medical opinion and prior administrative medical findings evidence, the ALJ explained why he found Dr. Anderson's opinions on Plaintiff's physical and psychological limitations were "not persuasive," therein addressing supportability and consistency.  (R. 34, 35).  Inconsistency appears to have been particularly compelling to the ALJ in his effective rejection of Dr. Anderson's opinions: for example, the ALJ explained that Dr. Anderson's opinion that Plaintiff could sit just two hours daily (R. 606) was inconsistent with evidence in the record showing "normal strength, intact sensation, and no gross focal neurological deficits."  (R. 34).  Similarly, the ALJ found Dr. Anderson's opined psychological limitations indicated a severity that was not supported by or reflected in the other evidence of record.  (R. 35).  For instance, Dr. Anderson opined marked and extreme mental limitations such as an extreme limitation in Plaintiff's "ability to travel in unfamiliar places or use public transportation" (R. 816—17), but Plaintiff's mental health treatment history was "conservative" and her mental status examinations were largely unremarkable.  (R. 35).  The ALJ added to his supportability and consistency findings that he would reject Dr. Anderson's opinions insofar as they went to the

2

final issue of disability. (R. 34). He further explained that Dr. Anderson's opinions were unpersuasive because they appeared to be based, at least in part, on subjective complaints. (R. 34—35). This explanation of the ALJ's persuasiveness evaluation is generally adequate and compliant with the applicable regulations.

Though the ALJ's evaluation of Dr. Anderson's opinions is quite thorough, Plaintiff has gathered evidence in the record that she argues ought to have led the ALJ to find that supportability and consistency favored finding Dr. Anderson's opinions were persuasive. Considering Plaintiff's counternarrative of the evidence, the Court reiterates that the substantial evidence standard is deferential such that the Court may not re-weigh evidence. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Even the presence of evidence in the record that could have supported a different outcome does not undermine a well-supported decision. *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Thus, the Court considers Plaintiff's argument in this regard only to make sure the ALJ adequately supported his findings and did not overlook or mischaracterize the evidence. *See Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981).

So considering the evidence cited by Plaintiff, the Court finds no reason for remand. While Plaintiff argues that her review of the evidence shows the ALJ overlooked evidence, mischaracterized evidence, or failed to logically connect the evidence to his findings, it is clear her qualm is really that the evidence *could* have supported a different, more favorable persuasiveness finding. For example, Plaintiff has argued Dr. Anderson's opinions were supported by Dr. Anderson's treatment notes regarding seizures, chronic pain, fibromyalgia, depression, fatigue, and anxiety. (Doc. No. 13, pgs. 16—17). Plaintiff argues that "[a]s a result, it is clear that Dr. Anderson's opinions are supported by his treatment notes and show Plaintiff's persistent physical and mental problems." (*Id.* at pg. 17). Contrary to that suggested conclusion, it is not clear that Dr. Anderson's treatment notes concerning Plaintiff's many impairments support the severe limitations opined by Dr. Anderson, such as his opinion that Plaintiff could only sit two-to-four hours daily. (R. 610, 822). Dr. Anderson's notes are corroborative of Plaintiff's impairments, but the ALJ did not overlook those; rather, the ALJ found Plaintiff's severe, medically determinable impairments included "epilepsy, fibromyalgia . . . cervical and lumbar degenerative disc disease, cervical radiculopathy . . . depression, anxiety disorder, [and] panic disorder." (R. 22). It is possible that medical evidence related to those impairments might have led the ALJ to find Dr. Anderson's opinions were well supported and persuasive, but it is not a certainty. The ALJ addressed Dr. Anderson's treatment notes with other objective medical evidence in detail and explained how that and other evidence, like Plaintiff's daily activities, supported his decision. (R. 36). Further, the ALJ did not mischaracterize the evidence in arriving at these conclusions, contrary to Plaintiff's argument. The ALJ summarized the evidence he considered, explaining Plaintiff experienced "occasional tenderness" in her spine but frequently exhibited full strength. (*Id.*). His summation of the evidence in this regard is borne out by his discussion of the objective evidence of record. (R. 29 (noting instances of no reported spinal tenderness and full/nearly full strength citing, *e.g.*, R. 677, 689)).

Challenging the ALJ's consideration of consistency, Plaintiff has pointed to evidence in the record that she believes is consistent with Dr. Anderson's opinions like Dr. James Goodyear's findings on examination. Dr. Goodyear found, among other things, that Plaintiff's gait was antalgic, she had tenderness in the cervical and lumbar spine, and she had "pain and

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment

(Doc. No. 12) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is

GRANTED as specified above.

s/ Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

---

touch sensitivity and trigger point tenderness" in eighteen of eighteen trigger points. (R. 640—41). Plaintiff likewise points to imaging of her spine showing degenerative changes, Dr. Andrew Cole's mental status evaluation findings, and Dr. Cole's opinion that she was moderately limited in her interactions with supervisors, coworkers, and the public (R. 661), among other evidence to show Dr. Anderson's opinions were consistent with other evidence. Critically, however, the ALJ did not overlook this evidence. He considered imaging of Plaintiff's spine that showed degenerative changes. (R. 28). He considered Dr. Goodyear's findings and found that the opinions Dr. Goodyear based on those findings—*e.g.,* that Plaintiff could sit for six hours at a time and eight hours total in a day (R. 644)—were persuasive. (R. 32—33). He also considered Dr. Cole's findings and explained that he found Dr. Cole's opinions to be "partially persuasive." (R. 33). He rejected Dr. Cole's opined interactional limitations partly based on the State agency psychological examiner's findings and on Plaintiff's records showing cooperative behavior, fair eye contact, and no hallucinations/delusions/paranoia. (*Id.*). This discussion of the evidence shows that the ALJ did not overlook or mischaracterize evidence in his consideration of supportability and consistency for Dr. Anderson's opinions. Thus, finding no error in the ALJ's evaluation of Dr. Anderson's opinions, the Court will affirm the ALJ's decision.